UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE WILKINS,

      Plaintiff,

      v.

MS. MILLER, *et al.*,

      Defendants.

CIVIL ACTION NO. 3:24-cv-02026

(SAPORITO, J.)

## ORDER

**AND NOW**, this 25th day of June, 2026, in accordance with the attached memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion for summary judgment (Doc. 35) is **GRANTED** in part. Summary judgment is **GRANTED** as to plaintiff's First Amendment retaliation claims, plaintiff's claims against defendant Miller, and plaintiff's claims for monetary damages.

2. The Clerk is **DIRECTED** to enter judgment accordingly and to **TERMINATE** defendant Miller from the docket.

3. Summary judgment is **DENIED** as to plaintiff's Eighth Amendment claim for injunctive relief against defendant Wilson, and the case will proceed on that claim alone.

4. Plaintiff's "Motion for Default Judgment" (Doc. 44) is

**DENIED**.

5.    Plaintiff's request for preliminary injunctive relief is **GRANTED** in part. Within <u>21 days</u> of this memorandum and order, defendant Wilson and/or other appropriate staff must medically evaluate plaintiff for a therapeutic diet. Wilson must file a notice with the Court (1) describing the outcome of the evaluation; (2) specifying the diet, if any, for which plaintiff has a medical need; and (3) confirming that plaintiff is being provided the necessary diet. If the evaluation indicates that plaintiff does not require a therapeutic diet, the notice shall detail the basis for that conclusion, with reference to up-to-date medical evidence.

6.    Noting that plaintiff is proceeding *in forma pauperis*, *see* (Doc. 8), the Court declines to impose a bond because the burden on plaintiff would outweigh any "possible loss to the enjoined party." *Gilliam v. United States Dep't of Agric.*, 486 F. Supp. 3d 856, 882 (E.D. Pa. 2020); *see* Fed. R. Civ. P. 65(c), *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010) (a court can excuse the requirement of a bond on a "specific finding" that an exception should apply).

Dated: June 25, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge